IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | | |
|---|---|---|---|
| Lagone Melton, | ) | | |
| | ) | | |
| Plaintiff, | ) | **COMPLAINT** | 1:09-3079-MBS-JRM |
| | ) | **Jury Trial Demanded** | |
| vs. | ) | | |
| | ) | | |
| Wackenhut Services, Inc. | ) | | |
| | ) | | |
| Defendants. | ) | | |
| _____ | ) | | |

The plaintiff, complaining of the defendants herein, would respectfully allege as follows:

1. The plaintiff is a citizen and resident of Augusta, Georgia, residing at 3013 Bramblewood Trail, Georgia 30909, and prior to July 9, 2007, was a Security Police Office III ("SPO III") at stationed at Savannah River Site ("SRS") in Aiken, South Carolina.

2. The defendant, Wackenhut Services, Inc., ("Wackenhut") is a Florida corporation doing business in Aiken South Carolina, where it maintains agents, servants and employees, providing security services to SRS. Wackenhut maintains a registered agent in Columbia, South Carolina.

3. This action arises under Title VII of the 1991 Civil Rights Act and amendments thereto.

4. Jurisdiction exists pursuant to 28 U.S.C. Section 1331 which gives the District Court original jurisdiction over any civil action authorized by law to be commenced by any person to recover damages under the Constitution, laws, and treaties of the United States.

5. Venue lies within the Aiken Division pursuant to 28 U.S.C. Section 1391 because most of the events giving rise to this claim occurred therein.

6. The plaintiff has filed the appropriate charge with the proper federal agency as required by law and has received a right to sue letter and this action is timely.

7. After many years of excellent service to Wackenhut in various positions of responsibility, the plaintiff, a black male, was pretextually terminated from his position on July 9, 2007 after receiving notification of intent to terminate on June 26, 2007.

8. Plaintiff began his employment with Wackenhut in January 1990. Plaintiff has had above standard performance evaluations throughout his employment.

9. In December 2006, the plaintiff was charged with Reckless Driving. Pursuant to the defendant's policy, the plaintiff reported the charge to his superiors.

10. The defendant, despite the charge being for Reckless Driving, required the plaintiff to attend alcohol and anger management treatment. The plaintiff successfully completed all treatment programs despite the defendant changing the required number of visits.

11. Other white employees of the same rank, SPO III, received Driving Under Influence charges but were not treated in the same manner as the plaintiff. They were not required to enter into a treatment program.

12. The plaintiff was rehired December 1, 2008, after an arbitration award on a different cause, at the Security Officer level and pay rate, a demotion from the plaintiff's previous position of authority and responsibility, SPO III.

FOR A FIRST CAUSE OF ACTION
AGAINST THE DEFENDANT SLED
(Race Discrimination in violation of Title VII)

13. The plaintiff realleges paragraphs 1 through 12 aforesaid.

14. Such treatment of the plaintiff was unfair and discriminatory when compared to more favorable treatment by Wackenhut shown toward white employees in the same or similar circumstances.

15. Such conduct amounts to race discrimination prohibited by Title VII of the 1991 Civil Rights Act and amendments thereto.

16. As a direct and proximate result of Wackenhut's discriminatory acts by its agents, the plaintiff has sustained the loss of his position, a loss of earning capacity, loss of benefits and further has sustained reputational loss, embarrassment, humiliation and emotional distress, all of which will continue into the future. In addition to the recovery of back pay and front pay, the plaintiff is entitled to reasonable attorney's fees and costs.

FOR A SECOND CAUSE OF ACTION
(Retaliation in violation of Title VII)

17. The plaintiff realleges paragraphs 1 through 16 aforesaid.

18. The plaintiff was an outspoken supporter of creating a new union for the employees. Upon Local # 125's ratification in January 2007, the plaintiff was an union administrator. Defendant demonstrated an unwillingness to work with African-American union executives during the creation of Local # 125.

19. At the end of April 2007, the plaintiff informed W.D. Phillips, Deputy Zone Security Manager, that he believed that African-American applicants were being denied hire.

20. Shortly after his support of the union and his reports of African-American applicants being denied hire, the plaintiff was unfairly decertified, demoted and terminated due to a pretextual reduction-in-force. He was targeted for the reduction in force due to his race and in

retaliation for reports of racial discrimination and his union affiliation.

WHEREFORE, the plaintiff prays for judgment against the defendant Wackenhut for an adequate amount of actual damages, including back pay and front pay and his former position of SPO III.

                              CROMER & MABRY

                              BY:     s/Tandi D. Ross
                                    J. Lewis Cromer (#362)
                                    Tandi D. Ross (#10370)
                                    1522 Lady Street
                                    Post Office Box 11675
                                    Columbia, South Carolina 29211
                                    Phone  803-799-9530
                                    Fax     803-799-9533
                              Attorneys for Plaintiff

November 24, 2009